KROEGER, RESPONDENT, v. PASSMORE, APPELLANT.

(No. 2,475.)

(Submitted February 3, 1908.    Decided February 10, 1908.),

[93 Pac. 805.]

*False   Imprisonment—Nonsuit—Directed   Verdict—Evidence—*
*Sufficiency—Malice—Defenses—Excessive   Damages—Instruc-*
*tions.*

False Imprisonment—Nonsuit.

1.   Evidence of plaintiff, in an action for false imprisonment, exam-
ined, and *held* to justify the refusal of a motion for nonsuit.

Same—Evidence—Instructed Verdict.

2.   Where the evidence of defendant, in an action for false imprison-
ment, did not make out so clear and indisputable a case as would have
justified the court in giving a peremptory instruction for a verdict in
his favor, its refusal to so direct was not error.

Same—Evidence—Sufficiency.

3.   Evidence *held* sufficient to warrant recovery in an action for false-
imprisonment, where plaintiff was detained by defendant in his office
for a period of about forty-five minutes, in an endeavor to secure
from plaintiff a deed handed to her for inspection, and which she
thereafter declined to return to defendant.

Same—What Constitutes.

4.   All that is necessary to constitute false imprisonment is an indi-
vidual's detention without sufficient legal cause therefor, and neither
malice nor, ordinarily, want of probable cause, is an element of the
right to recover damages.

Same—Excessive Damages.

5.   Where, in an action for false imprisonment, the evidence showed
that plaintiff was detained in defendant's office for about three-
quarters of an hour in an effort on defendant's part to obtain from
her a deed handed to her for inspection, and which she refused to
return, and that the result of such detention was sickness, nervousness,
humiliation and disgrace to plaintiff, a verdict for $250 *held* not to be
excessive.

Same—Defenses.

6.   Treating false imprisonment as a tort, as distinguished from a
crime, the only defenses which may be interposed are a denial of the
imprisonment and a justification thereof.

Same—Conflicting Evidence—Review.

7.   Where the evidence on the question of the false imprisonment of
plaintiff was conflicting and sufficient to have justified a finding in
favor of either party to the action, the verdict of the jury will not
be disturbed.

Same—Justification.

8.   When a private person seeks to justify the imprisonment by him
of another, he must show that he has complied with the law which
warrants such imprisonment.

Same—Justification—Instructions.
> 9. An instruction requested by defendant, in an action for false imprisonment, to the effect that the law gives a private person the right to arrest another when the party arrested has committed, or is about to commit, a public offense in the presence of the party arresting (Pen. Code, sec. 1633), and that if the jury believed that plaintiff had taken from defendant property of the latter which he was attempting to recover at the time of the alleged imprisonment, verdict should be for defendant, was properly denied, since it failed to call the attention of the jury to the further fact that, in order to justify the imprisonment, the person arresting must have taken the one arrested before a magistrate without unnecessary delay, or delivered him to a police officer (Pen. Code, sec. 1643).

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Lavina Kroeger against Charles S. Passmore. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, he appeals. Affirmed.

*Mr. C. M. Parr,* for Appellant.

Though force be employed against the person of another, not for the purpose of detaining him or restraining his liberty, but to obtain possession of a chattel, it has been held there is no false imprisonment. (*McClure* v. *State,* 26 Tex. App. 102, 9 S. W. 353.) An arrest by a private individual is justified for a public offense committed or attempted in his presence. (*Burns* v. *Erben,* 40 N. Y. 463; *Holley* v. *Mix,* 3 Wend. 350, 20 Am. Dec. 702; *Hershey* v. *O'Neil,* 36 Fed. 168; *Samuel* v. *Payne,* 1 Doug. 359; *Davis* v. *Russell,* 5 Bing. 354; *Rohan* v. *Sawin,* 5 Cush. 281; *Bulkeley* v. *Keteltas,* 6 N. Y. 384; *McCormick* v. *Sisson,* 7 Cow. 715; *Elder* v. *Morrison,* 10 Wend. 128, 25 Am. Dec. 548; *Oystead* v. *Shed,* 12 Mass. 511; *Gelzenleuchter* v. *Niemeyer,* 64 Wis. 321, 54 Am. Rep. 616, 25 N. W. 442; *Balbo* v. *People,* 80 N. Y. 499; *Meyer* v. *Clark,* 41 N. Y. Sup. Ct. (9 Jones & S.) 111; *Phillip* v. *Trull,* 11 Johns. 486; *Morley* v. *Chase,* 143 Mass. 396-398, 9 N. E. 767.)

*Messrs. Mackel & Meyer*, for Respondent.

It is not necessary that the detention of a person be done forcibly, or that the individual be actually confined or assaulted, or even that he would be touched; false imprisonment may be committed by words alone. (*Moore* v. *Thompson*, 92 Mich. 498, 52 N. W. 1000; *Floyd* v. *State*, 12 Ark. 43, 54 Am. Dec. 250; *Hawk* v. *Ridgway*, 33 Ill. 473; *Miller* v. *Ashcraft*, 98 Ky. 314, 32 S. W. 1085; *Woodward* v. *Washburn*, 3 Denio, 369; *Harkins* v. *State*, 6 Tex. App. 452; *Ahern* v. *Collins*, 39 Mo. 145.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for false imprisonment. The plaintiff had judgment. The defendant moved for a new trial, which motion was denied by the trial court upon condition that the plaintiff remit $250 of the amount of the verdict, which was done. Defendant thereupon appealed from the judgment and from the order denying him a new trial.

The errors assigned by the appellant are insufficiency of the evidence to justify the verdict, the refusal of the trial court to grant a motion for a nonsuit, refusal to direct a verdict for defendant, and refusal of the court to give the following instruction: "The court instructs the jury that the law of this state gives a private person the right to arrest another when the party arrested has committed, or is about to commit, a public offense in the presence of the party arresting; and in this case, if you believe from the evidence that plaintiff had taken from defendant property of defendant, and that defendant was attempting to recover his property from plaintiff at the time plaintiff alleges she was restrained, then your verdict must be for the defendant."

In 1905 Henry Kroeger and Lavina Kroeger owned and occupied certain real estate in Butte, at 811 West Galena street. In November of that year Henry Kroeger listed the property for sale with the defendant, a real estate agent, the selling

price agreed upon at that time being $6,000. In March, 1906, Passmore had an offer for the property at $5,750, made by Mrs. Cora L. Lindsay. He thereupon made what he understood to be satisfactory arrangements with the Kroegers for a sale of the property at that price, $2,000 of which was to be paid in cash. On March 27, 1906, Henry Kroeger executed a deed conveying the property, and he and Mrs. Lindsay put the deed in escrow with Passmore as depositary, under an agreement that upon the further payment by Mrs. Lindsay of the sum of $3,750 within sixty days, with interest at eight per cent per annum, the deed was to be delivered to her. The parties apparently all understood that Mrs. Kroeger was to sign the deed and escrow agreement, and on March 28th Passmore took the deed and agreement to Mrs. Kroeger for the purpose of having her execute them. Some misunderstanding arose as to the amount of money to be paid at that time, and consideration of the matter went over until the following day. On the afternoon of March 29th, Mr. and Mrs. Kroeger went to Passmore's office by appointment with him. As to what occurred there at that time, the evidence is very conflicting.

The jurors were the exclusive judges of the credibility of the witnesses; and, by the general verdict in plaintiff's favor, they indicated that they believed the version presented by her and her witnesses, which was to the effect: That she and her husband went into Passmore's office, which was in the front of a building occupied by him, the entrance to the office being through a narrow passageway between the end of a high desk and the wall of the building; that Mr. and Mrs. Kroeger sat down in the office; that Passmore then asked Mrs. Kroeger if she would sign the deed, to which she replied, "Yes; if you have the check for me," meaning a check for the remaining $3,750, which amount Mrs. Kroeger contends was to be paid at that time; that Passmore handed Mrs. Kroeger the deed; that she read it and kept it; that Passmore requested her three or four times to return the deed to him, and that she refused to do so; that, after reading the deed, she told Passmore that she knew

it was hers, and that Passmore then said, "You cannot leave this office until you give me that," and turned to his brother, saying, "John, call the sheriff"; that Passmore closed the door, and stood in the passageway leading into the office; that Mrs. Kroeger got up to leave the office, and that it was then that Passmore made the remark that she could not leave the office with the deed; that she was detained there about three-quarters of an hour from the time she got the deed until her attorney arrived, soon after which she was permitted to leave; and that during the time she was detained there, there were many persons in the office and others about the building. With respect to the effect of the detention upon the plaintiff, she testified: "The effect of all this was to make me very nervous. I was sick from the shock of it. You might know what effect it had on me. I was never in that position before. As to what effect it had on me when he threatened to call the sheriff, I said, 'If you call the sheriff, you must call a carriage,' because I could not have such a disgrace. I made the remark, and he was there, and I was very nervous. I was very much humiliated and disgraced. I felt that I was disgraced. After that I did not leave the house for nearly a week."·

In view of the evidence introduced on behalf of the plaintiff, the court was clearly correct in denying the motion for a nonsuit, and also the motion for an instructed verdict; for "the defendant's evidence, though contradictory in some particulars of that put in by the plaintiff, did not make out a case so clear and indisputable as would have justified the court in giving the peremptory instruction requested." (*Lincoln* v. *Power,* 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224; *Stephens* v. *Elliott,* 36 Mont. 92, 92 Pac. 45.)

False imprisonment is treated as a tort, and also as a crime. The definition is the same in either case. In our Code it is defined as "the unlawful violation of the personal liberty of another." (Pen. Code, sec. 420.) It has been held that the liability of the wrongdoer does not depend primarily upon his mental attitude. (19 Cyc. 319.) Neither malice nor, ordinar-

ily, want of probable cause, is an element of the right to recover. (19 Cyc. 320.) "All of the authorities declare that neither malice nor, ordinarily, want of probable cause is an essential element of the right of action. If the imprisonment is lawful, it does not become unlawful because done with malicious intent. If the conduct is unlawful, neither good faith, nor provocation, nor ignorance of the law is a defense to the person committing the wrong, in a civil, as distinguished from a criminal, proceeding. The normal effect of malice or absence of malice is respectively to aggravate or mitigate the damages." And, again, it is said: "False imprisonment may be committed by words alone, or by acts alone, or by both. It is not necessary that the individual be actually confined or assaulted or even that he should be touched. But there must be personal coercion of some sort exercised by defendant over plaintiff in order to subject the former to liability." (19 Cyc. 323.) In *Comer* v. *Knowles*, 17 Kan. 436, is is said: "False imprisonment is necessarily a wrongful interference with the personal liberty of an individual. The wrong may be committed by words alone, or by acts alone, or by both, and by merely operating on the will of the individual, or by personal violence, or by both. It is not necessary that the individual be confined within a prison, or within walls; or that he be assaulted, or even touched. It is not necessary that there should be any injury done to the individual's person, or to his character or reputation. Nor is it necessary that the wrongful act be committed with malice, or ill-will, or even with the slightest wrongful intention. Nor is it necessary that the act be under color of any legal or judicial proceeding. All that is necessary is that the individual be restrained of his liberty without any sufficient legal cause therefor, and by words or acts which he fears to disregard." Under these authorities it is apparent that the evidence is sufficient to support a verdict in favor of the plaintiff. (See, also, 12 Am. & Eng. Ency. of Law, 2d ed., 736, and cases cited.)

But it is said that the evidence is not sufficient to sustain a verdict or judgment for $250. The trial court properly called the attention of the jury to the provisions of section 4330 of the Civil Code as to the measure of damages in a case of this character, and after a careful consideration of the entire case as made, and upon a review of it on motion for new trial, that court reduced the amount of the verdict from $500 to $250, and with its determination as to the fairness of the amount of the reduced verdict we do not feel inclined to interfere.

Treating false imprisonment as a tort, as distinguished from a crime, the only defenses which may be interposed will at once be suggested: (1) A denial of the imprisonment; and (2) a justification of the imprisonment. Apparently defendant relied upon both of these defenses. So far as the question of plaintiff's imprisonment is concerned, the answer is a general denial of the allegations of the complaint; and the evidence offered on behalf of the defendant is ample, if believed by the jury, to make out this first defense completely. But by the general verdict the jury manifested its determination not to accept as the facts the defendant's version of what occurred in his office on March 29th; and, since the evidence is conflicting, we cannot interfere, as it is sufficient to have justified a finding for either party with respect to that particular matter.

By offering the instruction set forth above, the defendant evidenced his intention to rely upon the second defense as well as the first. But the instruction is erroneous, and was properly refused. It falls far short of stating the rule applicable to that defense. Under our system of government we do not recognize the right of a private individual to take the law into his own hands to redress his grievances. The law itself furnishes him an ample remedy. When a private person, then, seeks to justify his imprisonment of another, it must appear that he has complied with the law which warrants such imprisonment. The particular provisions of the law which defendant invokes are found in section 1633 of the Penal Code, which section reads as follows: "A private person may arrest

another: (1) For a public offense committed or attempted in his presence; (2) When the person arrested has committed a felony, although not in his presence; (3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.'' But in connection with this section there must also be read section 1643, which is a part of the same chapter of the Code, relates to the same subject-matter, and may rightly be said to be a limitation upon the provisions of section 1633 above. The latter section reads as follows: ''A private person who has arrested another for the commission of a public offense must, without unnecessary delay, take the person arrested before a magistrate, or deliver him to a peace officer.'' Assuming, then, for the sake. of this argument, everything in favor of the defendant as claimed by his counsel with respect to this defense, it appears at once that the offered instruction does not cover the ground, in that it does not call the attention of the jury to all of the facts which must be made to appear under sections 1633 and 1643 above in order to constitute a justification of the defendant.

We find no error in the record. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied March 4, 1908.