LINDSAY, RESPONDENT, *v.* KROEGER, APPELLANT.

(No. 2,517.)

(Submitted May 8, 1908. Decided May 18, 1908.)

[95 Pac. 42.]

*Contracts—Action for Breach—Fraud—Burden of Proof—Brokers—Agency—Instructions—Applicability to Issues.*

Contracts—Fraud—Defense—Burden of Proof.
   1. A contract admittedly valid on its face cannot be avoided by a party thereto on the ground of fraud, except by allegation and proof of facts showing that he was misled to his prejudice.

Same—Brokers—Agency—Instructions.
   2. Where, in an action for breach of a contract to convey real estate, the evidence showed that defendant employed a broker to procure a purchaser, that the broker procured plaintiff who contracted to purchase the premises, that throughout the negotiations the plaintiff dealt with the broker as the agent of defendant, and tendered all payments to him as such, the court properly charged that plaintiff did not authorize the broker to act as her agent.

Same—Proposals—Acceptance—Rejection—Instructions—Applicability to Issues.
   3. Where, in the action referred to above, the only triable issue presented by the pleadings was whether defendant signed the contract with a full understanding of its terms, or whether he did so relying on certain false representations of the broker, the refusal of an instruction that if defendant revoked the proposal before the plaintiff unqualifiedly and absolutely accepted the same, verdict should be for defendant, was proper. The instruction was not applicable to the issues. The proposal to sell had become merged into the contract, signed by both parties, and was no longer open to acceptance or rejection.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Cora L. Lindsay against Lavina R. Kroeger and another. From a judgment for plaintiff against defendant Henry C. Kroeger, he appeals. Affirmed.

*Messrs. Mackel & Meyer,* for Appellant.

*Messrs. Maury & Hogevoll,* and *Mr. John Lindsay,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover damages for a breach by the defendants, husband and wife, of a contract alleged to have been made by them to convey to plaintiff certain real estate situate in Silver Bow county, described as lot numbered 26, in block numbered 2, in Columbia addition to the city of Butte. Defendants owned the property jointly. It appears that sometime early in the year 1906, Henry C. Kroeger had listed it for sale with C. S. Passmore, doing business under the name of Passmore & Co., to be sold at the price of $6,000, the defendants to pay a stipulated commission of five per cent. On March 24, 1906, John Lindsay, the husband of plaintiff, having noticed that the property was for sale, made to Passmore, on plaintiff's behalf, an offer for it of $5,750, $2,000 to be paid in cash, and the balance, with interest at eight per cent per annum, to be paid on or before the expiration of sixty days from the completion of the contract, the deed to be put in escrow with Passmore for delivery upon full payment. He further agreed that the plaintiff would take a transfer of the policy of insurance then covering the buildings upon the lot, and pay a *pro rata* proportion of the premium. Possession of the property was to be given on or before April 1st. This offer was communicated to defendant Lavina R. Kroeger, her husband then being out of the city, and was accepted by her. To bind the agreement a payment of $100 was thereupon made to Passmore, who was, under his contract with defendants, authorized to receive and receipt for payment. On March 27th, Henry C. Kroeger, having returned to the city, went to the office of Passmore & Co., and, after being told of the terms of sale and after consulting with his wife by telephone, signed a deed to the property and an escrow agreement, the substance of which has been stated above. It was then understood that Passmore would take the deed and agreement to the home of defendants that evening for signature by the wife, whereupon Passmore was to keep them

until final payment. He went to the home of the defendants, tendered to Lavina R. Kroeger the $100 already paid, and requested her to sign the deed and the agreement. She refused to sign, insisting that the whole amount of $2,000 should first be paid her. On the following day the defendants went to the office of Passmore & Co., as Passmore supposed, for the purpose of attaching the signature of Lavina R. Kroeger and receiving the $2,000 payment. The wife asked to see the deed, and, upon getting possession of it, refused to give it up and took it away. In the meantime plaintiff, through her husband, had made the cash payment of $2,000, and plaintiff had signed the agreement. This amount, less his commissions, Passmore that day offered to the defendants, who refused to receive it. The deed had not been acknowledged by Henry C. Kroeger. At this time there was a warm controversy between Passmore and Lavina R. Kroeger as to whether she had authorized him, Passmore, to sell upon the conditions named in the agreement, or whether the whole purchase price of $5,750 was to be paid in cash. She insisted that it was all to be paid in cash, and assigned his failure to produce the whole amount of the purchase price as her reason for not completing the arrangement. The altercation resulted in an action afterward by her against Passmore for false imprisonment. (*Kroeger* v. *Passmore,* 36 Mont. 504, 93 Pac. 805.) Henry C. Kroeger did not at that time question the fact that he had signed the deed and escrow agreement with a full understanding of the terms of the contract as stated by Passmore. A few days afterward Henry C. Kroeger notified John Lindsay that he and his wife would complete the contract if plaintiff would agree to pay $6,000, but, in case she did not, they would consider the negotiations at an end. This offer was declined, Lindsay stating at the time that he would hold him responsible upon his agreement. Within a few days, and long before the expiration of the sixty days allowed for the deferred payment, plaintiff paid or offered to defendants the full amount of $5,750, but defendants refused

to accept the money or to execute or deliver the deed or deliver the possession of the property.

The issue made by the complaint, answer, and reply, so far as reference to them is now pertinent, is whether, upon learning the terms of sale tentatively agreed upon by Passmore and plaintiff, Henry C. Kroeger consulted his wife and signed the deed and agreement upon ascertaining that the arrangement was satisfactory to her, or whether he signed relying upon the false representation by Passmore that Mrs. Kroeger fully approved the agreement, whereas, in fact, she had insisted from the first that she would not agree to a sale for a less price than $6,000 except for cash. This issue gave rise to the only real controversy at the trial. At the close of plaintiff's case, defendants each interposed a motion for nonsuit, on the ground that the plaintiff had failed to show a contract of sale. The motion was sustained, and the action dismissed as to the wife, but denied as to the husband. The trial resulted in a verdict and judgment against the defendant Henry C. Kroeger for $250 and costs. He has appealed from the judgment and an order denying him a new trial.

. The denial of the motion for nonsuit as to appellant was clearly correct. No question was made that he had signed the deed and the escrow agreement, and was bound by his contract thus evidenced, but for the alleged false statement made to him by Passmore. The evidence tended to show, besides, that plaintiff had complied with all of the conditions of the contract on her part, had made the cash payment, and had thereafter tendered the full amount of the price agreed upon, with interest. The amount of the insurance premium which she had agreed to pay was also tendered. Under this state of the case the burden rested upon the appellant to show facts justifying his refusal or failure to comply with his agreement. A contract admittedly valid on its face cannot be avoided by a party to it on the ground of fraud or misrepresentation, except by allegation and proof of facts showing that he had been misled to his prejudice.

Contention is made that it is apparent from the evidence that, at the time the deed and agreement were signed by appellant, Passmore was acting as agent for the plaintiff, and that appellant was prejudiced by the giving of the following paragraph of the charge: "No evidence has been introduced in this case that Mrs. Cora L. Lindsay ever authorized C. S. Passmore to act as her agent, and you will find that issue against the defendant Henry C. Kroeger." There is no merit in this contention. Passmore was employed by appellant. The evidence tends to show throughout that the plaintiff dealt with him as the agent of appellant, and made or tendered all payments to him as such. There is no controversy but that he had authority to receive payment. Whatever importance should have attached to the fact that during some part of the proceedings Passmore acted for the plaintiff, had there been any evidence tending to establish the fact, since there was in fact no evidence tending to establish it, it was clearly right for the court to say so to the jury, thus clearing the issue which the jury actually had to try.

It is also contended that the court erred in refusing to submit the following instruction: "You are further instructed that a proposal may be revoked at any time before its acceptance is communicated to the proposer, but not afterward. Accordingly, you are instructed that, if you find from the evidence that the defendants revoked the proposal before the plaintiff unqualifiedly and absolutely accepted the same, then your verdict must be in favor of the defendants." It is doubtful whether, under the Act of the tenth legislative assembly (Laws 1907, Chapter 34, page 65), relating to the method of procedure to be observed in the settlement of instructions and the record to be made in order to have particular paragraphs of them properly presented to this court for review, the record in this case requires notice of this assignment. Yet, assuming, without deciding, that it does, we fail to see wherein the appellant has suffered prejudice by the court's action. The instruction was not applicable to any issue involved in the case.

The theory of the trial court was that the only triable issue presented by the pleadings was whether the appellant signed with a full understanding of the agreement made with his wife, or whether he signed it relying upon the false representations of the facts made by Passmore. The writing on the face was a valid agreement. It was signed by both the plaintiff and appellant. This indicated conclusively its acceptance by each of them upon the terms expressed in it. After signature by both, the original proposal of appellant and his wife to sell upon the terms offered by them was no longer a proposal open to acceptance or rejection, but became merged into the contract and passed beyond revocation.

Several other errors are assigned and argued in the briefs, but none of them are of sufficient merit to demand special notice.

Upon the theory of the case adopted by the parties and the trial court, there was ample evidence to support the finding of the jury upon the issue submitted to them. Whether as a matter of law, since it was understood by the parties that Kroeger and his wife jointly owned the property and the offer was to purchase from them both, the contract was a completed contract by the signature of Kroeger alone, binding upon him without the signature of his wife, is a question which was not submitted to the court below, and has not been submitted to this court. We have therefore considered it unnecessary to discuss or decide it.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.