SLIFER, Respondent, *v.* YORATH, Appellant.

(No. 3,606.)

(Submitted February 15, 1916. Decided March 6, 1916.)

[155 Pac. 1113.]

*False Imprisonment—Complaint — Sufficiency — Instructions—Refusal—Harmless Error—Burden of Proof.*

False Imprisonment—Complaint—Sufficiency.
    1. A complaint in an action for false imprisonment, alleging a violation of plaintiff's personal liberty and that such violation was without legal justification, was sufficient on attack by general demurrer.

On burden of proof as to authority for arrest in action for false imprisonment, see note in 10 L. R. A. (n. s.) 303.

Same—Punitive Damages—Instructions—Refusal—Harmless Error.
　　2.　Where no evidence tending to show malice on the part of a police officer in arresting plaintiff had been introduced, and the jury—judging from the amount of the verdict—must have refused to award exemplary damages, error in submitting instructions on the subject of punitive damages *held* harmless.

Same—Credibility of Witnesses—Instructions.
　　3.　Reversal of a judgment will not be ordered for refusal of special instructions on the subject of the credibility of witnesses where a general one covering the subject had been given, and appellant did not point out wherein he was prejudiced by the refusal.

Same—Burden of Proof.
　　4.　In an action for false imprisonment, the burden of proving justification for the arrest of the plaintiff by defendant police officer was upon the latter after the former had made out a *prima facie* case by testifying that while peaceably on his way home he was arrested without explanation or charge.

　　[As to the nature and elements of the action for false imprisonment, see note in 118 Am. St. Rep. 719.]

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Martin R. Slifer against William Yorath. From a judgment for plaintiff and an order denying his motion for new trial, defendant appeals. Affirmed.

*Messrs. Alexander Mackel, Mr. Wm. F. Davis and Mr. N. A. Rotering* submitted a brief; *Mr. John A. Groeneveld,* of Counsel, argued the cause orally.

No appearance in behalf of Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for false imprisonment. The plaintiff had verdict and judgment for $100. The defendant has appealed from the judgment and an order denying his motion for a new trial.

Counsel assail the integrity of the judgment on the grounds that the complaint does not state facts sufficient to constitute a cause of action, that the evidence does not justify the verdict, and that prejudicial error was committed by the court in sub-

mitting certain instructions to the jury and refusing to submit others requested by the defendant. .

About 3 o'clock on the morning of August 31, 1913, the plaintiff, who was employed as an engine oiler at the Grey Rock mine in Butte, was on his way from the mine, where he had been at work during the night, to his home in the southern part of the city. As he was passing down Main street he was arrested by the defendant, a police officer, searched, taken to the city jail, and there detained until about noon on the following day, when he was released on bail. A charge of vagrancy was lodged against him. Two days later, after a trial by the police magistrate, he was acquitted. After reciting these facts, the complaint alleges that at the time of the arrest the defendant had no knowledge that any crime had been committed by the plaintiff, and no reason or cause to believe that any crime had been committed by him, and that the act of the defendant was without authority of law or probable cause, and willful, oppressive and malicious. The defendant admits the arrest and alleges in justification that he made it as a police officer, in company with one Powell, another officer, upon information by one of several persons who were collected on Main street, that the plaintiff had drawn a loaded revolver and threatened to shoot the informant, and that plaintiff then had the revolver concealed about his person. He alleges in detail the circumstances of the arrest, charging the plaintiff with first attempting to escape, and then with an insolent refusal upon being questioned to give any information as to his name, residence or employment. He further alleges that he made the arrest verily believing the information given to him by his informant. The reply denies all the averments in justification, except that defendant was a police officer.

1. The complaint is ambiguous in its statements, rendering it somewhat doubtful whether the pleader intended to state a [1] cause of action for false imprisonment or for malicious prosecution. It was not attacked by special demurrer. The trial court upon general demurrer; and also upon objection to

the introduction of evidence, held that it states a cause of action for false imprisonment. This, we think, was correct. The statutes defines "false imprisonment" as "the unlawful violation of the personal liberty of another." (Rev. Codes, sec. 8324.) This provision defines the crime of false imprisonment as well as the civil wrong resulting from it. (*Kroeger* v. *Passmore,* 36 Mont. 504, 14 L. R. A. (n. s.) 988, 93 Pac. 805.) To make out a case for damages, the plaintiff must therefore allege a violation of his personal liberty, and that such violation was without legal justification. The complaint here meets both these requirements. It is therefore sufficient.

2. It is contended that the court erred in submitting to the [2] jury instructions under which they might consider the presence or absence of malice in order to determine whether they should allow exemplary damages, because there was no evidence tending to show the presence of malice. We do not think there was any error in this regard. Even so, the small award made by the jury, it would seem, must be accepted as conclusive that they refused to award exemplary damages, and hence, though it be conceded that there was no evidence in the case justifying the giving of the instructions, no prejudice was wrought by them. (*Martin* v. *Corscadden,* 34 Mont. 308, 86 Pac. 33.)

Counsel for defendant devote most of their brief to the contention that the court erred in refusing special instructions [3] requested as to the credibility of the witnesses. The court gave a general instruction upon the subject. Under the conditions disclosed in this case, we think this was sufficient. In any event counsel fail to point out wherein the refusal to give these instructions was anything more than a technical error. They do not attempt to point out wherein defendant suffered prejudice.

3. It is insisted that the averments in justification of the arrest were supported by the uncontradicted evidence of the defendant and Powell, and hence that the court erred in refusing to direct a verdict for the defendant. There is no merit

in this contention. Plaintiff's evidence was to the effect that
[4] he was at the time of the arrest going peaceably and
quietly to his home after finishing his work, and that he was
arrested and searched without explanation or charge that he
had committed a breach of the peace or wrong of any kind.
A *prima facie* case was thus made. The burden was then cast
upon the defendant to justify the arrest by adducing evidence
tending to show that he had a reasonable cause to believe that
the plaintiff had committed a felony. This he undertook to
do by stating that he had been informed by a stranger that
plaintiff had committed a felonious assault and had concealed
upon his person a deadly weapon, and hence was engaged in
committing another felony. Incidentally it appeared that the
plaintiff had no weapon, that the informant was not detained
to identify plaintiff, and that, instead of lodging a charge of
felony against him, defendant charged him with vagrancy and
had him put upon his trial for this offense. It was clearly the
office of the jury to determine the weight of this evidence and
to give credit accordingly. The court therefore did not err in
refusing to direct a verdict.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.