FOLSOM, RESPONDENT, *v.* FISCO ET AL., APPELLANTS.

(No. 4,588.)

(Submitted January 7, 1922. Decided January 27, 1922.)

[204 Pac. 367.]

*False Imprisonment—Sheriffs—Peace Bond—Failure to Furnish—Defective Commitment—Justices of the Peace—Docket Entries of Prior Commitment—Improper Admission in Evidence.*

False Imprisonment—Peace Bond—Failure to Furnish—Defective Commitment—Liability of Sheriff.

1. *Held,* under section 8947, Revised Codes of 1907, declaring that an order of a justice of the peace committing one to jail for failure to give bond to keep the peace must specify the cause of commitment, the requirement to give security, the amount thereof and the omission to give it, that a commitment which failed to state that the accused had not given security, and which was not directed to the sheriff and did not contain any direction as to what he should do under it (sec. 9094), was so defective as to afford the sheriff no protection in an action for damages for false imprisonment.

Same—Justice of the Peace—Docket Entries of Prior Commitment—Evidence—Inadmissibility.

2. In an action for false imprisonment under an invalid order of commitment for failure to furnish bond to keep the peace, admission in evidence of entries in a justice's docket in prior proceedings of the same nature constituted error to plaintiff's substantial rights.

*Appeal from District Court, Musselshell County; George P. Jones, Judge.*

ACTION by J. B. Folsom against Zelma Viola Fisco, executrix of the last will and testament of J. L. Fisco, sheriff, deceased, and another. Judgment for defendants, and from an order granting plaintiff's motion for a new trial, defendants appeal. Affirmed.

*Messrs. Jeffries & McNaught,* for Appellants, submitted a brief; *Mr. G. J. Jeffries* argued the cause orally.

*Mr. W. A. Pennington,* for Respondent, submitted a brief and argued the cause orally.

---

1. Liability of officer for false imprisonment, see note in 64 **Am. St. Rep.** 408.

MR. COMMISSIONER HORSKY prepared the opinion for the court.

Since the trial of this action in the district court the defendant J. L. Fisco, sheriff, has died, and Zelma Viola Fisco, as executrix of the last will and testament of J. L. Fisco, deceased, has been substituted as a party defendant in his stead.

This action is for damages for false imprisonment and grew out of the following facts: On October 22, 1914, the plaintiff, J. B. Folsom, after a hearing had before one O. R. McVay, a justice of the peace of Roundup township, Musselshell county, Montana, was ordered by the justice to give bond to the state of Montana in the sum of $500 to keep the peace. Plaintiff failed to furnish the bond and was committed to the custody of the defendant J. L. Fisco, sheriff of said county, under and by virtue of a commitment issued out of said justice court.

Plaintiff was held by the sheriff and imprisoned in the [1] county jail of said county for a period of one year from the date of the commitment. On October 21, 1915, one Herman S. Bruce, who succeeded McVay as justice of the peace, made the following order, which was placed in the hands of the defendant J. L. Fisco:

"In the Justice Court of Roundup Township.

"Before Herman S. Bruce, Justice of the Peace.

"State of Montana,
County of Musselshell——ss.:

"State of Montana,
          "Plaintiff,
     v.
"J. B. Folsom,
          "Defendant.

"Order.

"Complaint having been made before me this 21st day of October, A. D. 1915, by Washburn B. Folsom and affidavit

filed that he believes that one J. B. Folsom intends to do him harm, and that said J. B. Folsom has the power so to do and has threatened so to do, and it appearing to this court that an order was heretofore made by Hon. O. McVay holding the defendant, J. B. Folsom, under bonds to keep the peace in the sum of five hundred dollars ($500), and that the order for such bonds was made upon due and sufficient showing that the defendant should be held under such bonds:

"Wherefore, complaint having been filed in this court, and application having been made by the complainant, Washburn B. Folsom, praying that the defendant named herein, be required to give a bond to keep the peace toward the state of Montana and towards the complainant, Washburn B. Folsom, in particular, and sufficient cause having been shown:

"Therefore, it is hereby ordered and adjudged that the defendant, J. B. Folsom, be required to give bonds in the sum of five hundred ($500) dollars to keep the peace towards the state of Montana and the complainant, Washburn B. Folsom, in particular, and, failing to give such bonds, he be confined in the county jail of Musselshell county until such bonds are given, not to exceed one year.

"Done this 21st day of October, A. D. 1915.

"HERMAN S. BRUCE,
"Justice of the Peace."

Under this order the defendant J. L. Fisco held the plaintiff in his custody and in the county jail of Musselshell county until September 16, 1916, on which day he was brought before the district judge of said county under a writ of *habeas corpus* and by an order duly made on that day was released from custody.

Thereafter the present action was instituted by the plaintiff against the defendants J. L. Fisco and the Fidelity & Deposit Company of Maryland, a corporation, surety on his official bond as sheriff of Musselshell county, to recover damages for the unlawful detention of the plaintiff by the defendant J. L. Fisco in the county jail of said county from Oc-

tober 22, 1915, to September 16, 1916. The defendants filed separate answers. The defendant J. L. Fisco by his separate answer seeks to justify the imprisonment of the plaintiff in the county jail under and by virtue of the order quoted above. Issues were joined and a trial had, which resulted in a verdict and judgment for the defendants. The plaintiff moved for a new trial, which motion was by the trial court granted. The defendants have appealed from the order granting plaintiff's motion for a new trial.

In this action there were two defenses available to the defendants: "(1) A denial of the imprisonment; (2) a justification of the imprisonment." (*Kroeger* v. *Passmore,* 36 Mont. 504, 14 L. R. A. (n. s.) 988, 93 Pac. 805.) The defendants here admitted the imprisonment, but sought to justify the detention of the plaintiff in the county jail of Musselshell county by the defendant J. L. Fisco under the order heretofore quoted at length.

The defendants contend that it is a well-settled rule that, if the court has jurisdiction over the subject matter, and the process is regular on its face, the officer incurs no liability in executing it, regardless of defects in the proceedings under which it was issued, and that the order in question met all of these essential requirements. The plaintiff, on the other hand, claims that the said order was invalid as a commitment and afforded the officer no justification in holding him a prisoner in the county jail for the period complained of.

The rule contended for by defendants is recognized in this state as to sheriffs and other ministerial officers by the following statute: "A sheriff, or other ministerial officer, is justified in the execution of and must execute all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued." (Sec. 3024, Rev. Codes 1907.)

The issue then narrows itself down to the question: Does this order meet the requirement that process must be regular on its face (the jurisdiction of the justice court not being

questioned), in view of the requirements of the provisions of section 8947, Revised Codes 1907, which authorizes a justice of the peace to commit a defendant if he fails to furnish the required bond to keep the peace, and specifies what facts the commitment should contain? If it does, the defendants are not liable, and the court should have so instructed the jury. If it does not, the imprisonment of the plaintiff was illegal, and the court should have so instructed the jury, advising them that the only question left for their determination was what damages the plaintiff had suffered by reason of his imprisonment.

It would serve no useful purpose to review all the sections of our statutes dealing with the question of security to keep the peace, as only two sections of the chapter dealing with that subject in our Codes are necessary to be noticed. These two sections read as follows: "If, however, there is just reason to fear the commission of the offense, the person complained of may be required to enter into an undertaking in such sum, not exceeding $5,000, as the magistrate may direct, with one or more sufficient sureties, to keep the peace toward the state, and particularly toward the complainant. The undertaking is valid and binding for one year, and may, upon the renewal of the complaint, be extended for a longer period, or a new undertaking may be required." (Sec. 8946, Rev. Codes 1907.)

"If the undertaking required by the last section is given, the party complained of must be discharged. If he does not give it, the magistrate must commit him to prison, specifying in the warrant the cause of commitment, the requirement to give security, the amount thereof, and the omission to give the same." (Sec. 8947.)

This court, in the case of *State ex rel. Jackson* v. *Kennie,* 24 Mont. 45, 60 Pac. 589, had this to say relative to the requirements of the latter section: "The commitment is not properly before us upon this appeal, but we will remark of it, in passing, that it contains all the recitals required by the statute. Upon the failure to give the undertaking, the

magistrate must commit the person charged to prison, specifying in the warrant (a) the cause of commitment; (b) the requirement to give security; (c) the amount thereof; and (d) the omission to give the same.'' (See *Bradstreet* v. *Furgeson,* 23 Wend. (N. Y.) 638; 9 C. J. 396.)

The order in question was no doubt the one contemplated by section 8946, Revised Codes, and is for the information of the defendant commanding him to give security and fixing the amount thereof. At this point the defendant must do one of two things—furnish the required bond or be committed to jail. But it goes without saying that the defendant must first be given an opportunity to furnish the security. If he fails to do so, then for the first time may the magistrate avail himself of the power given him under section 8947 to commit the defendant to prison.

But it is contended that this order sufficiently complies with section 8947, and is therefore a valid commitment. Bearing in mind the provisions of the statute in this regard, let us see how nearly the order meets the requirements of that section. It specifies the requirement to give bond and the amount thereof and that, in the event it is not forthcoming, the defendant be committed to the county jail, but nowhere is it stated that he failed to give the required security, the very thing that must happen before the justice can exercise the power lodged in him to commit the defendant to jail, and the very information which the statute requires shall appear in the commitment. The sheriff is presumed to know that the omission to give security must be specified in the commitment, and that he is not at liberty to seek this information from sources independent of the process under which he seeks to justify the imprisonment, as he would be obliged to do under such an order as the one in question. It would also readily suggest itself, even to a layman, that the very order which exacts the requirement to give security could not anticipate the breach thereof. Further, the order does not contain any

command or direction to the sheriff as to what he should do under it; it is not even directed to the sheriff. (Sec. 9094, Rev. Codes 1907; *People* v. *Hagan*, 170 N. Y. 46, 62 N. E. 1086.)

Process which discloses on its face such a substantial departure from the plain provisions of the statute as does this, does not meet the requirements of the rule that process must be regular on its face, and affords no protection to the officer acting under it. (25 C. J. 475; *Savacool* v. *Boughton*, 5 Wend. (N. Y.) 170, 21 Am. Dec. 181, and note; 11 R. C. L. 795.)

Defendants assert that this court in the case of *State ex rel. Jackson* v. *Kennie, supra*, had under consideration an order in all material respects similar to the one in the case at bar, which was held to be good. The commitment in the *Kennie Case* recited that Ottway Jackson had been tried and found guilty of threatening to commit murder, that an order had been made requiring the said Jackson to give bond in the sum of $1,000 to keep the peace, and that such bond had not been given, and then contained a direct command from the state of Montana to the sheriff to imprison the defendant in the county jail—a very different document from the one in question.

Giving the defendants the benefit of the observation in the *Kennie Case* "that we should not exact too much technical nicety from justices of the peace," we are still impelled to the conclusion that the order in question does not meet the essential requirements of section 8947, that it afforded no protection to the defendant, J. L. Fisco, who acted under it, and that the court should have instructed the jury accordingly.

Plaintiff complains of other errors having been committed [2] by the trial court, which we need not consider, as they will not likely occur on another trial of this cause, but we might remark in passing that the admission in evidence of the entries in the justice's docket of the proceedings had in 1914, under which plaintiff was imprisoned the first year for failure

to furnish a bond to keep the peace, constitute error prejudicial to his substantial rights.

We recommend that the order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the order appealed from is affirmed.

*Affirmed.*