Justice Beth Baker, dissenting.
¶22 The Municipal Court properly excluded Parsons's requested jury instruction regarding § 46-6-502, MCA, because the statute has no application to the facts of this case. Read in its entirety, the plain language of the statute provided Parsons with no authority to inject himself into an active police pursuit by creating a roadblock. Parsons was allowed to challenge the mental state requirements of the charged offenses-as he did-by arguing that he thought he was assisting law enforcement and protecting the public. But he was not entitled to have ***96 a jury instruction or to have the trial court take judicial notice of an inapplicable statute.
¶23 Statutory interpretation is a " 'holistic endeavor' and must account for the statute's text, language, structure, and object." State v. Heath , 2004 MT 126, ¶ 24, 321 Mont. 280, 90 P.3d 426 (quoting S.L.H. v. State Comp. Mut. Ins. Fund , 2000 MT 362, ¶ 16, 303 Mont. 364, 15 P.3d 948 ). "[S]tatutes must be read and considered in their entirety and the legislative intent may not be gained from the wording of any particular section or sentence, but only from a consideration of the whole." Heath , ¶ 27 (quoting Home Bldg. & Loan Ass'n of Helena v. Fulton , 141 Mont. 113, 115, 375 P.2d 312, 313 (1962) ).
¶24 Section 46-6-502, MCA, provides:
(1) A private person may arrest another when there is probable cause to believe that the person is committing or has committed an offense and the existing circumstances require the person's immediate arrest. The private person may use reasonable force to detain the arrested person.
(2) A private person making an arrest shall immediately notify the nearest available law enforcement agency or peace officer and give custody of the person arrested to the officer or agency.
¶25 This Court has long required that these provisions be read together. See Kroeger v. Passmore , 36 Mont. 504, 510-11, 93 P. 805, 807-08 (1908) (holding that the predecessor statutes to § 46-6-502(1) and (2), MCA, must be read together and describing that the predecessor to subsection (2) "may rightly be said to be a limitation upon the provision of" subsection (1)). The plain language of subsection (2) does not authorize a private citizen to interject himself in circumstances in which law enforcement officers already are involved. As we explained in State v. Hendrickson , 283 Mont. 105, 111, 939 P.2d 985, 988 (1997) (overruled in part on other grounds by State v. Updegraff , 2011 MT 321, 363 Mont. 123, 267 P.3d 28 ), "when a citizen ... makes a stop or arrest, his or her authority to proceed ceases once a peace officer with jurisdiction arrives at the scene." In this case, law enforcement was already "at the scene," because they were engaged in active pursuit of the suspect.
¶26 Section 46-6-402, MCA, further supports this conclusion. That section allows "[a] peace office making a lawful arrest" to "command the aid of persons 18 years of age or older." A person commanded to aid a peace officer under § 46-6-402, MCA, "has the same authority to arrest as that officer." Section 46-6-402(2)(a), MCA. Sections 46-6-402 and -502, MCA, together, allow citizens to make arrests when there is no peace officer present in limited circumstances, and to aid law ***97 enforcement in making an arrest when "command[ed]" to assist. No statute authorizes a private citizen to choose to involve himself in an active law enforcement action. Such an interpretation invites additional *718 risk, both to law enforcement and-as the facts of this case demonstrate-to the public. In an active pursuit situation when there is no request from law enforcement for a private citizen to intervene, a peace officer already is "at the scene," and § 46-6-502, MCA, thus does not authorize a private citizen to take any actions to secure the arrest of the suspect. Because § 46-6-502, MCA, has no application to the facts of this case, Parsons was not entitled to a jury instruction or to judicial notice of the statute.
¶27 I would affirm the trial court.
Chief Justice Mike McGrath and District Court Judge Yvonne Laird join in the dissenting Opinion of Justice Baker.
MIKE McGRATH, C.J.
YVONNE LAIRD, J.
District Court Judge Yvonne Laird, sitting for Justice James Jeremiah Shea